### D. K. FITZHUGH v. M. T. JOHNSON.

No. 2234.    Decided June 19, 1912.

**School Land—Sale—Award.**

School land having been placed on the market for sale at competitive bidding under the Act of April 15, 1905, Laws, 29 Leg., p. 159, it was illegal for the Land Commissioner to award it to a bidder whose first payment was not, at the time set for opening the bids, in the hands of the State Treasurer as required by section 4 of such Act, though he was the highest bidder and his deposit of payment was made on the next day. The next best bidder, whose payment was on deposit, was entitled to the award.

Error to the Court of Civil Appeals, Second District, in an appeal from Ector County.

Mrs. Johnson sued Fitzhugh for land and recovered. Defendant appealed, and on affirmance obtained writ of error.

*Charles Rogan,* for plaintiff in error.—It is a condition precedent to the sale of school land that the applicant shall have deposited his first payment with the State Treasurer on the day his application was filed in the General Land Office, and an attempted sale to one who had not complied with such condition is absolutely void. Article 4218j, Rev. Stats., 1895 Section 2, Act of 1901, p. 293; Sections 3 and 4, Act of 1905, page 160; Rawls v. Terrell, 101 Texas, 157; Buckley v. Terrell, 101 Texas, 483; Whitis v. Robison, 117 S. W., 429; Pohle v. Robison, 115 S. W., 1167; Walker v. Rogan, 93 Texas, 254; Harper v. Terrell, 96 Texas, 479; Busk v. Long, 86 Texas, 128.

If the land was taken off the market by virtue of the sale to petitioner, April 3, 1907, the acceptance of the applications and obligations filed several months later of M. S. Nevill, the vendee of A. L. Fisher, as a substitute purchaser, vested no right or title in Nevill as against petitioner. Pohle v. Robison, 115 S. W., 1166; Walker v. Rogan, 93 Texas, 254; Johnson v. Bibb, 75 S. W., 73; Burnet v.

Womack, 85 S. W., 1199; Reineger v. Pannell, 101 S. W., 816; Smithers v. Lorance, 100 Texas, 77; Zettlemeyer v. Shuler, 115 S. W., 79.

*Frank A. Judkins* and *Edward H. Yeiser*, for defendant in error. —When an applicant to purchase school lands, offering the highest price therefor, has his first payment in the State Treasury at the time the applications are reached in the regular order of business in the Land Office, he should be awarded the land. Rawls v. Terrell, 105 S. W., 488; Whitis v. Robison, 17 S. W., 429.

Even if it be conceded that the sale to Fisher was void when made, then when Nevills was substituted in the Land Office he became a purchaser direct from the State, there being no obstacle to the sale to Nevills, as Fitzhugh had withdrawn his money and could not at that time have been legally awarded the land. Johnson v. Bibb, 75 S. W., 71; Burnett v. Wommack, 85 S. W., 1117.

If appellant ever acquired any rights in the lands in controversy, he lost same in withdrawing his money from the State Treasury and in abandoning the lands, thereby acquiescing in the action of the Land Commissioner, and is by his own acts and conduct estopped from asserting title to said land at this late day. Hamilton v. Gouldy, 103 S. W., 1117.

The premature filing of an application to purchase land is not void, but that it can be accepted when the land comes on the market if there are no intervening rights. Patterson v. Terrell, 96 Texas, 509.

The filing by defendant in error of his application to purchase the land in controversy and his payment to the Treasurer did not have the effect to take the land off of the market, although he may have been the only legal bidder for same, without further action on the part of the officers of the state in applying his money to the purchase of the lands, and the awarding of his applications; and the withdrawal of his money having prevented this, and he not having used the diligence required by law to have it done, the sale was not consummated and the land not taken off of the market.

Mr. Chief Justice Brown delivered the opinion of the court.

The land in suit is situated in Crane County and, on the 3rd day of April, 1907, was upon the market as free school land under the Act of April 15, 1905, for sale by competitive bidding. (See Chap. 103, Laws 1905, p. 159.) No question is raised as to the regularity of the proceedings prior to the sale. The tract contains 640 acres, and A. L. Fisher bid $3.05 per acre and the land was awarded to him on the day of the sale, April 3, 1907, but he did not deposit the first payment in the treasury until the next day after the award was made. Mrs. M. T. Johnson claims under an award by the Commissioner which would give title, if Fitzhugh's title is not superior.

On the 3rd day of April, 1907, D. K. Fitzhugh, in compliance with law, filed his bid to buy the same land, bidding $3.00 per acre, and on that day deposited with the Treasurer one-fortieth of the purchase price and claimed to be the purchaser; but the Commissioner of the General Land Office awarded the land to Fisher.

As we view the case it depends upon the validity of the purchase claimed by Fitzhugh. If he got the title, then the. judgments of the trial court and of the Court of Civil Appeals must be reversed and judgment must be rendered for the plaintiff in error, unless he abandoned his claim.

This land was sold under Chapter 103, Laws 1905, page 159, the 4th section of which reads: "When the applications and obligations aforesaid have been filed in the General Land Office, and upon inspection they are found correct and the land is found to be classified and valued and on the market for sale the day the application was filed, or on any prior date and still unsold, and the first payment is in the State Treasury, it shall be the duty of the Commissioner to award the land to the one offering the highest price therefor."

Fitzhugh persistently claimed the purchase, and at the time left his deposit with the Treasurer until it was urged upon him to receive it, and he did so under protest, and continued at all times in possession of the land after it was awarded to him, making frequent claim for it to the Commissioner while excluded from possession.

There is no evidence in the record to sustain the finding that Fitzhugh abandoned his claim.

Two cases are rarely found to be so similar as this and Rawls v. Terrell, 101 Texas, 157. The case cited arose under the same law as this, and in that two men had filed bids for the same section. One bidder made deposit according to law, the other did not. The Commissioner of the General Land Office awarded the land to the man who had no deposit with the Treasurer when the award was made, and upon an application for mandamus this court ordered that officer to award the land to the man who had made his deposit according to law on the day the land was sought to be purchased. This court stated the legal rights of the contestants thus: "We conclude that since the co-respondent did not have his first payment in the Treasury at the time the bids were opened, he was not in the eye of the law a bidder, and the Commissioner was without power to award him the land."

That decision determines this case. Fitzhugh acquired a right by his bid and deposit and was entitled to the land, and is now entitled to judgment against Mrs. Johnson. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that judgment be rendered that plaintiff below take nothing and pay all costs.

*Reversed and rendered.*